UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| RSL FUNDING, LLC et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 1:10CV145-LG-RHW |
| BENNY RAY SAUCIER et al | DEFENDANTS |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Plaintiffs filed the instant complaint on March 31, 2010. On that same day, summons was issued as to the Defendants, Benny Ray Saucier and the Internal Revenue Service. There was no further activity in the case, as reflected by the docket sheet, until August 25, 2010, when the Court entered a [3] Show Cause Order and directed Plaintiffs to show cause why this case should not be dismissed for failure to serve the complaint and summons upon Defendants as required by Fed. R. Civ. P. 4(m). The deadline for Plaintiffs to file a response was September 8, 2010.

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The 120-day deadline for serving process has expired by almost two months. The Court, in its [3] Order to Show Cause, put Plaintiffs on notice that the lawsuit might be dismissed for failure to serve the complaint and summons. The deadline for responding to the Order to Show Cause has passed by two weeks.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiffs' lawsuit be dismissed

without prejudice for failure to serve the complaint within 120 days of filing their complaint.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 23rd day of September, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE